## MORGENBESSER v. LEVY.

### (Supreme Court, Appellate Term.　April 10, 1908.)

MASTER AND SERVANT—ACTION FOR SERVICES—RECEIPTS.

Where, in an action by an employé, the complaint alleged a contract of employment for a specified number of weeks, and the answer was a general denial, and plaintiff offered no testimony to explain his signing receipts stipulating that he was engaged by the week only, and defendant testified that he hired gangs for the season and gave them the same receipt, a charge that the mere fact that the receipts signed by plaintiff contained such a stipulation did not bind plaintiff, unless the same was called to his attention, or unless it was shown that he read it, was erroneous.

Appeal from City Court of New York.

Action by Samuel Morgenbesser against Harry Levy. From a judgment for plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Maurice B. Blumenthal, for appellant.

Henry Kuntz, for respondent.

DAYTON, J. Plaintiff claims a contract of employment for 18 weeks. Prior to his discharge he signed receipts having printed thereon in small type the words, "It is understood that I am engaged by the week only," but he offered no testimony to explain these receipts. The learned trial judge, in charging the jury, said:

"The mere fact that the receipts contain a clause in regard to the employment being limited to one week does not bind the plaintiff, unless such clause was called to his attention, or unless it is shown by the evidence that the plaintiff read the clause."

This was excepted to. Defendant's counsel requested the court to charge that "in the absence of proof to the contrary it is to be presumed that the plaintiff knew what he was signing." The court said: "I will leave that to the jury."

The language charged constituted error. Prima facie, plaintiff was bound by the language of the receipt. He had the right to explain his act in signing it, but did not do so. The jury, therefore, had no evidence dehors the receipts, and the presumption that the plaintiff knew what he was signing, in the absence of evidence to the contrary, was a matter of law for the court. True, the defendant testified that he hired "the first and second gang for the season and gave them the same receipt"; but the complaint alleges the specified employment of the plaintiff for a definite period. The answer is a general denial. What defendant did with "the gang" was therefore, outside the issues.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.