JANE SCHNARS, Appellant, *v.* DREZWELL COMPANY, INC., Respondent.

(Supreme Court, Appellate Term, First Department, June, 1920.)

Contracts — breach of — evidence — accord and satisfaction — receipts — when error to dismiss complaint.

> On the trial of an action for breach of a contract of employment for a definite term at a stated weekly salary, certain receipts for salary signed by plaintiff, reciting that the amount paid was in full payment, accord and satisfaction of any and all claims for wages or otherwise to date, were received in evidence. In explanation, plaintiff testified that when she signed the first receipt defendant's officer told her in answer to a question that it was a receipt for her salary, whereupon without reading it she signed it, as she did also the later receipts. *Held*, that a question of fact was presented, and that it was error to dismiss the complaint on the ground that the receipts, in so far as they indicated an employment from week to week, were binding.

32

Appellate Term, First Department, June, 1920.    [Vol. 112.

Appeal by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of defendant dismissing plaintiff's case at the close thereof, after a trial by the court and a jury.

Joseph C. Kadane (**Henry Waldman**, of counsel), for appellant.

Koenig, Sittenfield & Aranow (**Lester R. Bachner**, of counsel), for respondent.

Wagner, J. The action is brought against the defendant to recover damages for breach of a contract of employment alleged by plaintiff to have been entered into between her and the defendant, who was engaged in the manufacture of dresses.

Plaintiff testified to her engagement as a model at a weekly salary of twenty-five dollars, for a term beginning December 1, 1919, and continuing until the end of April, 1920, and to a conversation at the time of her discharge on March 1, 1920, when, after the defendant's president had informed her that he no longer needed her services, she replied: " What do you mean? You made an agreement with me to keep me to the last of April," and he answered: " I can't help that; we are not busy and we cannot use you."

Upon cross-examination plaintiff was shown certain receipts which she had signed each week upon payment of her salary, which were marked in evidence and read as follows:

" I, the undersigned, hereby acknowledge the receipt of $25, from the Drezwell Co., Inc., for wages due me for the week ending 12/6/1919, as an employee, from week to week at the option of said company at 14 East 32nd Street, in the Borough of Manhattan, City

of New York. The above being in full payment, accord and satisfaction of any and all claims whatsoever for wages or otherwise, to date.

"(Signed)    JANE SCHNARS."

The plaintiff admitted her signature to such receipts, explaining that on the occasion when the first was presented to her, when her first week's salary was paid, she asked what it was, to which defendant's officer replied, "It is a receipt for your salary." She then signed it without reading it, as also the subsequent papers upon payment of each week's salary. At the conclusion of her testimony, upon motion of defendant's counsel, the learned trial justice dismissed the complaint on the authority of *Morganbesser* v. *Levy,* 58 Misc. Rep. 554, upon the ground that the contents of the receipts in so far as they indicated an employment from week to week were binding upon her.

We think that the dismissal of the complaint was erroneous; that the plaintiff was entitled to have the jury pass upon what the duration and terms of the contract of employment were, and that the above-mentioned authority so holds. There the plaintiff claimed a contract of employment for eighteen weeks. Prior to his discharge he had signed a receipt containing the printed words: "It is understood that I am engaged by the week only," but he offered no evidence at the trial to explain these receipts, and this court held that in that event the plaintiff was bound by their language, saying: "*Prima facie,* plaintiff was bound by the language of the receipt. He had the right to explain his act in signing it but did not do so. The jury, therefore, had no evidence *dehors* the receipts and the presumption that the plaintiff knew what he was signing in the absence of evidence to the contrary was a matter of law for the court."

In the instant case the plaintiff produced the precise proof which was absent and lacking in the *Morganbesser* case, viz., the circumstances surrounding the occasions of her signature and the reasons therefor. Of course, if her explanation had been accepted by the jury she would not have been bound by the language of a paper whose contents were misrepresented to her at the time of signature. A question of fact having been presented which should have been left to the jury for their determination, it was error for the court below to dispose of the matter as a matter of law.

BIJUR and DELEHANTY, JJ., concur.

Judgment reversed, and new trial ordered, with thirty dollars costs to appellant to abide event.